IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 12-3054-CV-S-ODS |
| UNITED STATES CURRENCY IN THE AMOUNT OF $423,059.02, et al., | ) | |
| Defendant. | ) | |

**ORDER AND OPINION DENYING MOTION TO STAY (DOC. 13)**

The United States moves to stay this case. The motion is denied.

I. BACKGROUND

The United States alleges Claimant 4 States Grease, LLC stole spent cooking oil from locked restaurant collection containers. The United States seeks to forfeit $423,059.02 seized from bank accounts of 4 States and Claimants Jesse and Michele Arnold.

The United States claims this currency is forfeitable because it is derived from and/or involved in violations of wire fraud, money laundering, interstate transportation of stolen property, and currency structuring. Claimants maintain the money is derived exclusively from an inheritance, not illegal activity.

The United States moves to stay this case, contending discovery will adversely affect its ability to conduct a related ongoing criminal investigation and prosecution. (No charges have been filed yet.) Claimants oppose the motion, asserting they will be prejudiced by the continued confiscation of their property. In addition, Claimants warrant they will not seek any discovery from the United States in this case. The United States did not file a reply to Claimants' suggestions in opposition.

## II.  BACKGROUND

The Court is required to grant the United States' motion if the Court "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  18 U.S.C. § 981(g)(1).  In determining whether civil discovery will adversely affect a criminal investigation the Court "may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case."  § 981(g)(3).

The United States contends that

> [a]llowing claimants to conduct civil discovery at this juncture would interfere with the criminal investigation by compromising the identities of cooperating witnesses, and forecasting the Government's intent to interview additional prospective witnesses.  It would also provide advance discovery of the government's investigative and prosecution strategies, and allow claimants earlier and broader discovery than they would be allowed in the criminal context under Rule 16.  Civil discovery would also expose the Government's witnesses to cross-examination and the law enforcement officers to testimonial declarations before the investigation is complete, and all facts are known.  Finally, it would permit Claimants to learn about the nature and scope of the investigation and to anticipate future investigative action.

Most of these conclusory reasons for a stay are similar to the ones rejected in *United States v. All Funds ($357,311.68) Contained in N. Trust Bank of Fla. Account No. 7240001868*, No. Civ. A. 3:04–1476, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004).  In that case the court observed that "[t]he Government's arguments do nothing more than speculate about how civil discovery will adversely affect its criminal investigation.  Under either of the Government's theories, *every* civil forfeiture case with a related criminal investigation is entitled to a stay."  *Id.*  The court noted "[t]here is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding."  *Id.*

The one allegation deserving further consideration is that the identity of

2

witnesses will be compromised.  This allegation—while itself conclusory—is later supported by a more particularized statement of facts: the United States alleges "[a]t least one cooperating witness in the criminal investigation has expressed concern for their safety if the Claimants are made aware of the witness' cooperation."

The government however has failed to submit any evidence ex parte (as permitted by § 981(g)(5)) to support its allegation regarding this witness.  The Court consequently has no way to determine for itself whether civil discovery will adversely impact the criminal investigation or whether a protective order would suffice.  And "[t]he Government's failure to avail itself of this [ex parte] procedure, in the Court's view, weakens its claim that civil discovery will impair the criminal case . . . ." *United States v. Real Property and Premises*, 657 F. Supp. 2d 1060, 1064 (D. Minn. 2009).

Moreover, Claimants warrant they will not seek any discovery from the United States in this forfeiture action.  This would seem to address the government's concerns.  The United States notably did not avail itself of its opportunity to argue otherwise.

### III.  CONCLUSION

The United States' motion to stay is denied.
IT IS SO ORDERED.

DATE: May 30, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3